1
2
3
4
5
6
7    **UNITED STATES DISTRICT COURT**
8    **DISTRICT OF NEVADA**
9
10   MONDREL LAMAR JONES,                    Case No. 2:17-cv-03099-GMN-NJK
11          Plaintiff(s),               **REPORT AND RECOMMENDATION**
12   v.
13   NANCY A. BERRYHILL,
14          Defendant(s).

15          This case involves judicial review of administrative action by the Commissioner of Social
16   Security ("Commissioner") denying Plaintiff's application for disability insurance benefits
17   pursuant to Title XVI of the Social Security Act.  Pending before the Court is Plaintiff's Motion
18   for Reversal and/or Remand.  Docket No. 15.  The Commissioner filed a response in opposition
19   and a Cross-Motion to Affirm.  Docket Nos. 18, 19.  Plaintiff filed a reply.  Docket No. 20.  This
20   action was referred to the undersigned magistrate judge for a report of findings and
21   recommendation.

22   **I.     STANDARDS**

23          A.     Judicial Standard of Review

24          The Court's review of administrative decisions in social security disability benefits cases
25   is governed by 42 U.S.C. § 405(g).  *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002).
26   Section 405(g) provides that, "[a]ny individual, after any final decision of the Commissioner of
27   Social Security made after a hearing to which he was a party, irrespective of the amount in
28   controversy, may obtain a review of such decision by a civil action . . . brought in the district court

1

of the United States for the judicial district in which the plaintiff resides." The Court may enter, "upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*

The Commissioner's findings of fact are deemed conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). To that end, the Court must uphold the Commissioner's decision denying benefits if the Commissioner applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). In determining whether the Commissioner's findings are supported by substantial evidence, the Court reviews the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998).

Under the substantial evidence test, the Commissioner's findings must be upheld if supported by inferences reasonably drawn from the record. *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). When the evidence will support more than one rational interpretation, the Court must defer to the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Consequently, the issue before this Court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence.

It is incumbent on the ALJ to make specific findings so that the Court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. The ALJ's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision. *See, e.g., Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).

2

1    B.    Disability Evaluation Process

2        The individual seeking disability benefits bears the initial burden of proving disability.

3    *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995).  To meet this burden, the individual must

4    demonstrate the "inability to engage in any substantial gainful activity by reason of any medically

5    determinable physical or mental impairment which can be expected . . . to last for a continuous

6    period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  If the individual establishes an

7    inability to perform his prior work, then the burden shifts to the Commissioner to show that the

8    individual can perform other substantial gainful work that exists in the national economy.  *Reddick*,

9    157 F.3d at 721.

10       The ALJ follows a five-step sequential evaluation process in determining whether an

11   individual is disabled.  *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987) (citing 20 C.F.R. §§ 404.1520,

12   416.920).   If at any step the ALJ determines that he can make a finding of disability or

13   nondisability, a determination will be made and no further evaluation is required.  *See Barnhart v.*

14   *Thomas*, 540 U.S. 20, 24 (2003); *see also* 20 C.F.R. § 416.920(a)(4).  The first step requires the

15   ALJ to determine whether the individual is currently engaging in substantial gainful activity

16   ("SGA").  20 C.F.R. § 416.920(b).  SGA is defined as work activity that is both substantial and

17   gainful; it involves doing significant physical or mental activities usually for pay or profit.  20

18   C.F.R. § 416.972(a)-(b).  If the individual is currently engaging in SGA, then a finding of not

19   disabled is made. If the individual is not engaging in SGA, then the analysis proceeds to the second

20   step.

21       The second step addresses whether the individual has a medically determinable impairment

22   that is severe or a combination of impairments that significantly limits him from performing basic

23   work activities.  20 C.F.R. § 416.920(c).  An impairment or combination of impairments is not

24   severe when medical and other evidence establish only a slight abnormality or a combination of

25   slight abnormalities that would have no more than a minimal effect on the individual's ability to

26   work. *See* 20 C.F.R. §§ 416.921, 416.922.  If the individual does not have a severe medically

27   determinable impairment or combination of impairments, then a finding of not disabled is made.

28

If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to the third step.

The third step requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 416.920(d), 416.925, 416.926. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and meet the duration requirement (20 C.F.R. § 416.909), then a finding of disabled is made. 20 C.F.R. § 416.920(d). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

Before considering step four of the sequential evaluation process, the ALJ must first determine the individual's residual functional capacity. 20 C.F.R. § 416.920(e). The residual functional capacity is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. Social Security Ruling ("SSR") 96-8p.[1] In making this finding, the ALJ must consider all of the symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 416.929. To the extent that statements about the intensity, persistence, or functionally-limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make evaluate the individual's statements based on a consideration of the entire case record. SSR 16-3p. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 416.927.

The fourth step requires the ALJ to determine whether the individual has the residual functional capacity to perform his past relevant work ("PRW"). 20 C.F.R. § 416.920(f). PRW means work performed either as the individual actually performed it or as it is generally performed

---

[1] SSRs constitute the Social Security Administration's official interpretations of the statute it administers and its regulations. *See Bray v. Comm'r, Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Bray*, 554 F.3d at 1224.

in the national economy within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 416.960(b), 416.965. If the individual has the residual functional capacity to perform his past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to the fifth and last step.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering his residual functional capacity, age, education, and work experience. 20 C.F.R. § 416.920(g). If he is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Lockwood v. Comm'r, Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).

**II.  BACKGROUND**

A.  Procedural History

On April 23, 2014, Plaintiff filed an application for supplemental security income alleging a disability beginning on January 1, 2014. *See, e.g.*, Administrative Record ("A.R.") 144-52. Plaintiff's claim was denied initially on September 19, 2014, and upon reconsideration on February 24, 2015. A.R. 77-80, 84-86. On March 4, 2015, Plaintiff filed a request for a hearing before an Administrative Law Judge ("ALJ"). A.R. 87-89. On May 13, 2016, Plaintiff, Plaintiff's representative, and a vocational expert appeared for a hearing before ALJ Norman L. Bennett. *See* A.R. 24-48. On June 27, 2016, the ALJ issued an unfavorable decision finding that Plaintiff had not been under a disability, as defined by the Social Security Act, since the date the application was filed. A.R. 10-23. On November 2, 2017, the ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review. A.R. 1-6.

On December 27, 2017, Plaintiff commenced this action for judicial review pursuant to 42 U.S.C. § 405(g). *See* Docket No. 1.

5

**B.     The Decision Below**

The ALJ's decision followed the five-step sequential evaluation process set forth in 20 C.F.R. § 416.920.  A.R. 13-19.  At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since January 31, 2014.  A.R. 14-15.  At step two, the ALJ found that Plaintiff has the following severe impairments:  labral tear right shoulder, mild carpal tunnel syndrome, degenerative disc disease of the cervical spine, and migraine headaches.  A.R. 15.  At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  A.R. 15.  The ALJ found that Plaintiff has the residual functional capacity to lift and/or carry 20 pounds occasionally, ten pounds frequently, stand and/or walk for six hours in an eight-hour work day and to sit for six hours in an eight-hour workday, and to never climb ladders, ropes or scaffolds or crawl, lift above shoulder level with right upper extremity, or perform fine manipulations with either hand.  A.R. 15-18.  At step four, the ALJ found Plaintiff is incapable of performing his past relevant work.  A.R. 18.  At step five, the ALJ found that jobs exist in significant numbers in the national economy that Plaintiff can perform based on his age, education, work experience, and residual functional capacity.  A.R. 18-19.  In doing so, the ALJ defined Plaintiff as a younger individual with at least a high school education and able to communicate in English.  A.R. 18.  The ALJ found that transferability of job skills was not material.  A.R. 18.  The ALJ considered Medical Vocational Rules, which provide a framework for finding Plaintiff not disabled, along with vocational expert testimony that an individual with the same residual functional capacity and vocational factors could perform work as a call-out operator, a counter clerk, and an usher.  A.R. 18-19.  Based on all of these findings, the ALJ found Plaintiff not disabled and denied the application for supplemental security income.  A.R. 19.

**III.     ANALYSIS AND FINDINGS**

Plaintiff raises two arguments on appeal.  First, Plaintiff argues that the ALJ failed to resolve a conflict between the vocational expert testimony and the *Dictionary of Occupational Titles* ("DOT").  Second, Plaintiff argues that the ALJ erred in discounting Plaintiff's testimony. The Court addresses each argument in turn below.

1    A.    Vocational Expert Testimony

2        Plaintiff argues first that the ALJ erred in relying on vocational expert testimony regarding
3    a limitation as to "fine manipulation with either hand" because that term is not defined by the DOT
4    and it instead defines "fingering."   Docket No. 15 at 11-14.   Plaintiff contends that there is a
5    conflict between the testimony given and the DOT, and that such conflict was not sufficiently
6    explored by the ALJ.   *See id.*; *see also* Docket No. 20 at 2-4.   The Commissioner responds that
7    there is no conflict between the vocational expert testimony and the DOT because "fine
8    manipulation" is simply a subcategory of "fingering."   *See* Docket No. 17 at 2-5.   The
9    Commissioner further responds that the vocational expert's testimony was proper and that Plaintiff
10   has not shown otherwise.   *See id.*   The Commissioner has the better argument.

11       When a vocational expert provides evidence about job requirements, the ALJ must inquire
12   as to "any possible conflict" between that evidence and the Dictionary of Occupational Titles.   *See*
13   *Massachi v. Astrue*, 486 F.3d 1149, 1152-54 (9th Cir. 2007) (discussing SSR 00-4p).   The failure
14   of an ALJ to so inquire is harmless, however, if no actual conflict exists or if the vocational expert
15   provides sufficient support to justify any potential conflict.   *Id.* at 1154 n.19.

16       In this case, the ALJ found that Plaintiff was able to engage in "fingering," which is defined
17   by the DOT, but found that Plaintiff was not able to engage in the subcategory of "fine
18   manipulation," which is not defined by the DOT.   The Court discerns no conflict here.   The
19   vocational expert explained that "fingering" includes "pinching, picking or otherwise working
20   primarily with the fingers rather than with the whole arm." A.R. 46.   The vocational expert defined
21   "fine manipulation" as a subcategory specific to something involving fine eye-hand coordination,
22   such as crocheting, needlepoint, or soldering on electronic circuits boards.   *Id.*   The latter is a
23   "more specific" category than the former.   *See id.*   It is appropriate for a vocational expert to testify
24   whether particular applicants for disability benefits would be able to perform subcategories of jobs
25   within the DOT.   *Moncada v. Chater*, 60 F.3d 521, 524 (9th Cir. 1995).   That is what the vocational
26   expert did in this case.   There is no conflict between the DOT's limitation on "fingering" and the
27   vocational expert's testimony regarding "fine manipulation."   *See Schepps v. Comm'r of Soc. Sec.*,
28   2013 WL 5348129, at *4 (E.D. Cal. Sept. 23, 2013) (finding no conflict between DOT limitation

on "fingering" and vocational expert's testimony providing limitations with respect to "fine manipulation").[2]

Because there is no conflict in this case, any omission by the ALJ regarding the vocational expert's consistency with the DOT was harmless. As such, the undersigned rejects Plaintiff's challenge to the ALJ's reliance on the vocational expert's testimony that Plaintiff is able to engage in fingering only to the extent that it does not require fine manipulation, and the ALJ's conclusion that Plaintiff is able to engage in work as a call-out operator, a counter clerk, and an usher.[3]

B.    Plaintiff's Testimony

Plaintiff also challenges the ALJ's discrediting of his own testimony. In particular, Plaintiff contends that insufficient reasons were advanced to not credit his allegations of disabling pain. Docket No. 15 at 14-19. The Commissioner responds that the ALJ properly discounted Plaintiff's testimony by advancing several permissible reasons that are supported by substantial evidence. Docket No. 18 at 5-7. The Commissioner has the better argument.

The ALJ is required to engage in a two-step analysis to evaluate a claimant's testimony as to his pain and other symptoms: (1) determine whether the individual presented objective medical evidence of an impairment that could reasonably be expected to produce some degree of pain or other symptoms alleged; and (2) if so, whether the intensity and persistence of those symptoms limit an individual's ability to perform work-related activities. *See* SSR 16-3p. In the absence of evidence of malingering, an ALJ may only reject the individual's testimony about the severity of

---

[2] Even if there were a conflict, the vocational expert provided sufficient explanation to support the conclusion that Plaintiff can work as a call-out operator, a counter clerk, and an usher notwithstanding any "fingering" required because those jobs do not require "fine manipulation." A.R. 44-47; *see also Thomure v. Colvin*, 2014 WL 1225016, at *2-3 (C.D. Cal. Mar. 21, 2014) (discussing vocational expert testimony similar to that here, and upholding the ALJ's reliance on that testimony; "a claimant restricted from fine fingering does not necessarily mean the claimant cannot perform fingering in general where fine, delicate work is not required").

[3] Plaintiff's motion indicates without meaningful development that there are "other issues" with aspects of the vocational expert's testimony. *See* Docket No. 15 at 12. Any such arguments have been waived. *See Independent Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003); *see also Hilao v. Estate of Marcos*, 103 F.3d 767, 778 n.4 (9th Cir. 1996). At any rate, the Court does not find those arguments to be meritorious. *See, e.g.*, Docket No. 18 at 4 (persuasively rebutting the argument that the ALJ erred in relying on the vocational expert's testimony regarding Plaintiff's ability to use a flashlight).

symptoms by giving specific, clear, and convincing reasons. *See Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). Factors that an ALJ may consider include inconsistent daily activities, an inconsistent treatment history, and other factors concerning an individual's functional limitations. *See* SSR 16-3p. If an ALJ's determination to discount this testimony is supported by substantial evidence, the courts should not second-guess that determination. *Chaudhry v. Astrue*, 688 F.3d 661, 672 (9th Cir. 2012).

In this case, the ALJ provided several reasons for discounting Plaintiff's testimony, including that his testimony was inconsistent with the relatively mild findings made in the medical record, that his testimony was inconsistent with Plaintiff's failure to comply with his treatment, that his testimony was at least somewhat inconsistent with his ability to engage in some work after the alleged onset date, and that his testimony was undermined by his poor work history before the alleged disability onset date. A.R. 15-17. Plaintiff has not shown that any of the reasons provided were improper or that any of the reasons were unsupported by substantial evidence (*i.e.*, "more than a mere scintilla"). Instead, Plaintiff points to other evidence that he contends could support different findings. *See* Docket No. 15 at 15-19.[4] Simply pointing to some potentially contrary evidence in the record does not suffice to show that an ALJ's decision is not supported by substantial evidence. *Cf. Shaibi v. Berryhill*, 883 F.3d 1102, 1108 (9th Cir. 2017). It is for the ALJ to evaluate the record before him and make reasonable conclusions therefrom. *See, e.g., Burch*, 400 F.3d at 679 ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld").[5]

---

[4] With respect to Plaintiff's non-compliance with treatment, his motion discusses his non-compliance with a surgery recommendation when the ALJ instead discussed his failure to appear for pain management appointments that resulted in Plaintiff being dropped from treatment. *Compare* Docket No. 15 at 17 *with* A.R. 17 (discussing A.R. 370, 402, and 406).

[5] Without meaningfully developing the argument or citing legal authority, Plaintiff also contends in a single sentence that the ALJ was required to question him at the hearing as to his poor work history. *See* Docket No. 15 at 18. This argument was waived by not providing meaningful discussion. At any rate, this argument is inconsistent with Ninth Circuit law. *See Tonapetyan v. Halter*, 424 F.3d 1144,1148 (9th Cir. 2001); *see also Lopez v. Colvin*, 2016 WL 5858712, at *2 (D. Nev. Apr. 25, 2016) (collecting cases rejecting similar arguments).

While Plaintiff undoubtedly would have preferred for the ALJ to reach a different finding, substantial evidence exists supporting the finding that was made.

## IV.    CONCLUSION

Judicial review of the Commissioner's decision to deny disability benefits is limited to determining whether the decision is free from legal error and supported by substantial evidence. It is the ALJ's responsibility to make findings of fact, draw reasonable inferences from the record, and resolve conflicts in the evidence including differences of opinion. Having reviewed the Administrative Record as a whole and weighed the evidence that supports and detracts from the conclusion, the undersigned finds that the ALJ's decision is supported by substantial evidence under 42 U.S.C. § 405(g) and the ALJ did not commit legal error.

Based on the forgoing, the undersigned hereby **RECOMMENDS** that Plaintiff's Motion for Reversal and/or Remand (Docket No. 15) be **DENIED** and that Defendant's Cross-Motion to Affirm (Docket No. 18) be **GRANTED**.

Dated: October 29, 2018

_____
Nancy J. Koppe
United States Magistrate Judge

### <u>NOTICE</u>

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).