**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MONDRELL LAMAR JONES, )
)
              Plaintiff, )   Case No.: 2:17-cv-03099-GMN-NJK
vs. )
)   **ORDER**
NANCY A. BERRYHILL, )
)
              Defendant. )
)

Pending before the Court are the Motion to Remand, (ECF No. 15), filed by Plaintiff Mondrell Jones ("Plaintiff"), and the Cross-Motion to Affirm, (ECF No. 18), filed by Defendant Nancy A. Berryhill ("Defendant"). These motions were referred to the Honorable Nancy J. Koppe, United States Magistrate Judge, for a report of findings and recommendations pursuant to 28 U.S.C. §§ 636 (b)(1)(B) and (C). Judge Koppe subsequently entered the Report and Recommendation ("Report"), (ECF No. 24), recommending Plaintiff's Motion be denied and Defendant's Cross-Motion be granted. Plaintiff timely filed an Objection, (ECF No. 25), to the Report, and Defendant did not file a response.

**I.     BACKGROUND**

The parties do not object to the factual presentation in the Report. Therefore, the Court adopts the factual representation in the Report and will detail factual and procedural background in the discussion section of this Order as necessary to explain the Court's holding.

**II.    LEGAL STANDARD**

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. Local R. IB 3-2. Upon the filing of such objections, the Court must make a *de novo*

determination of those portions of the Recommendation to which objections are made. *Id.* The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. Local R. IB 3-2(b).

A federal court's review of an ALJ's decision on social security disability is limited to determining only (1) whether the ALJ's findings were supported by substantial evidence, and (2) whether the ALJ applied the proper legal standards. *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996); *Delorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)).

## III.  DISCUSSION

Plaintiff raises two arguments in support of his Objection. First, Plaintiff argues the ALJ failed to resolve the conflict between the vocational expert testimony and the Dictionary of Occupational Titles ("DOT"). (Obj. 1–4, ECF No. 25). Second, Plaintiff alleges that the ALJ failed to properly evaluate his credibility. (*Id.* at 4–5).

### A.  Vocational Expert Testimony

Plaintiff argues that there was a conflict between the vocational expert's testimony regarding "fine manipulation" and the DOT because the terms "fine manipulation" and "fingering" are used interchangeably by the Social Security Administration and the courts. (Obj. 1–2). Due to this purported conflict, Plaintiff maintains the ALJ was required to "identify and determine whether there was a reasonable explanation for the conflict." (*Id.*).

When a vocational expert provides evidence about job requirements, the ALJ must inquire as to "any possible conflict" between that evidence and the DOT. *See Massachi v. Astrue*, 486 F.3d 1149, 1152–54 (9th Cir. 2007) (discussing SSR 00-4p). The failure of an ALJ

to so inquire is harmless, however, if no actual conflict exists or if the vocational expert provides sufficient support to justify any potential conflict. *Id.* at 1154 n.19.

Here, the ALJ found that Plaintiff was able to engage in "fingering," which is defined by the DOT, but found that Plaintiff was not able to engage in the subcategory of "fine manipulation," which is not defined by the DOT.  The vocational expert testified that "fingering" includes "pinching, picking or otherwise working primarily with the fingers rather than with the whole arm." (A.R. 46).  The vocational expert defined "fine manipulation" as a subcategory specific to something involving fine eye-hand coordination, such as crocheting, needlepoint, or soldering on an electronic circuit board. (*Id.*).

The Court does not find a conflict between the DOT's limitation on "fingering" and the vocational expert's testimony regarding "fine manipulation."  As explained in the Report, "[t]he latter is a 'more specific' category than the former." (R. & R. at 7, ECF No. 24).  Accordingly, the Court rejects Plaintiff's challenge to the ALJ's reliance on the vocational expert's testimony.

**B.     Credibility**

The ALJ also properly evaluated Plaintiff's credibility.  Determining the credibility of a claimant's testimony about his subjective symptoms is a two-step process. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007).  "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* at 1036 (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991)).  "Second, if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear and convincing reasons for doing so.'" *Id.* (quoting *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)).

Here, the ALJ found that Plaintiff's "impairments could reasonable be expected to cause the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record[.]" (A.R. 18).  The ALJ provided several reasons for this finding.  For example,

> there was evidence that [Plaintiff] was not entirely compliant with the prescribed treatment, which suggests that the symptoms may not have been as limiting as [Plaintiff] has alleged . . . . [Plaintiff] was released from treatment from Centennial Medical Group in July 2015 for missing appointments.  Treatment notes from Nevada Comprehensive Pain Center, also, revealed that [Plaintiff] missed scheduled injections on multiple occasions.

(A.R. 17) (internal citations omitted).  Plaintiff does not argue that the reasons the ALJ provided were improper or that they were not supported by the evidence.  Instead, Plaintiff points to other evidence in the record which Plaintiff argues would support more favorable findings.

Plaintiff does not provide the Court an adequate basis to reject the ALJ's credibility finding because, as explained in the Report, "[s]imply pointing to some potentially contrary evidence in the record does not suffice to show that an ALJ's decision is not supported by substantial evidence." (R. & R. at 9) (citing *Shaibi v. Berryhill*, 883 F.3d 1102, 1108 (9th Cir. 2017)).  Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)).  The Court finds that the ALJ's credibility finding was supported by substantial evidence.

///

///

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Report and Recommendation, (ECF No. 24), is **ACCEPTED and ADOPTED in full**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand, (ECF No. 15), is **DENIED**, and Defendant's Cross-Motion to Affirm, (ECF No. 18), is **GRANTED**.

The Clerk of the Court shall enter judgment accordingly and close the case.

**DATED** this __26__ day of August, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court